Dennis F. Dunne
Abhilash M. Raval
Tyson M. Lomazow
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
(212) 530-5000

*Proposed Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNAP TECHNOLOGY SOLUTIONS INC., | Case No. 20-22393 (RDD) |
| Debtor, | |
| Tax I.D. No. 84-4888343 | |
| In re: | Chapter 11 |
| INTERNAP CORPORATION, | Case No. 20-22394 (RDD) |
| Debtor, | |
| Tax I.D. No. 91-2145721 | |
| In re: | Chapter 11 |
| UBERSMITH, INC., | Case No. 20-10806 (RDD) |
| Debtor, | |
| Tax I.D. No. 82-0567677 | |
| In re: | Chapter 11 |
| SINGLEHOP, LLC, | Case No. 20-22399 (RDD) |
| Debtor, | |
| Tax I.D. No. 32-0374340 | |

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNAP CONNECTIVITY LLC, | Case No. 20-22396 (RDD) |
| Debtor, | |
| Tax I.D. No. 80-0827920 | |
| In re: | Chapter 11 |
| HOSTING INTELLECT, LLC, | Case No. 20-22398 (RDD) |
| Debtor, | |
| Tax I.D. No. 46-5268435 | |
| In re: | Chapter 11 |
| DATAGRAM, LLC, | Case No. 20-10805 (RDD) |
| Debtor, | |
| Tax I.D. No. 47-3423170 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Internap Technology Solutions Inc. and its affiliated debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent as follows in support of this motion (this "Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) directing the joint administration of these cases for procedural purposes only; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of these Chapter 11 Cases under the case of Internap

2

Technology Solutions Inc., and that these Chapter 11 Cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al*. | ) | Case No. 20-22393 (RDD) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors.[1] | ) | |
| | ) | |

2.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each case of a Debtor other than Internap Technology Solutions Inc. to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 Cases of Internap Technology Solutions Inc. (8343), Internap Corporation (5721); Ubersmith, Inc. (7677), SingleHop, LLC (4340); Internap Connectivity LLC (7920), Hosting Intellect, LLC (8435), and DataGram, LLC (3170).  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Chapter 11 Case No. 20-22393.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170).  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

3

4. The Debtors further request authority to file any monthly operation reports and post-effective date quarterly operating reports on a consolidated basis for the jointly administered Debtors, provided that income and disbursements are tracked and broken out on a Debtor-by-Debtor basis.

**Jurisdiction**

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On March 16, 2020 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested the joint administration of these Chapter 11 Cases for procedural purposes. No trustee, examiner or statutory committee of unsecured creditors has been appointed in these Chapter 11 Cases.

8. The Debtors are a global provider of premium data center infrastructure, cloud solutions, and high-performance network services across 21 major markets around the world. The Debtors' core business segments include providing "colocation" solutions (i.e., the leasing of managed data center space for use by clients within facilities that are leveraged to support multiple clients simultaneously) and providing hosting and IT infrastructure services utilizing cloud computing solutions. The Debtors and their non-Debtor affiliates own and/or operate approximately 99 data centers and other Points of Presence ("POPs"), or communications network

4

demarcation/interface points, worldwide. The Debtors and their non-Debtor affiliates employ approximately 540 employees and have their corporate headquarters in Reston, Virginia.

9. On March 13, 2020, the Debtors executed a restructuring support agreement (the "RSA") with the Consenting Lenders. Pursuant to the RSA, the Consenting Lenders agreed to vote in favor of and support confirmation of the *Joint Prepacked Chapter 11 Plan of Reorganization of Internap Corporation and its Affiliated Debtors and Debtors in Possession* (the "Plan"). Both the Plan and RSA have been filed contemporaneously herewith.

10. Additional information in support of this Motion and regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Michael T. Sicoli in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").[2]

**Basis for Relief**

11. Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The seven Debtors in these cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

12. Given the integrated nature of the Debtors' operations, the joint administration of these cases will provide significant administrative convenience. Many of the filings, hearings, and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the First Day Declaration and the Plan, as applicable.

5

orders in these cases will affect each Debtor. Joint administration of these cases will decrease fees and costs by avoiding duplicative filings that would be required absent such relief. It will also allow parties in interest to monitor these cases with greater ease and efficiency.

13. Joint administration of these cases will not harm or otherwise adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, and not substantive, consolidation of the Debtors' estates. Instead, parties in interest will benefit from the cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of these cases is in the best interests of their estates, their creditors, and other parties in interest.

14. Joint administration is generally non-controversial, and courts have routinely granted the joint administration of cases with multiple related debtors. See, e.g., In re Stearns Holdings, LLC, No. 19-12226 (SCC) (Bankr. S.D.N.Y. Jul. 10, 2019); In re Trident Holding Co., LLC, No. 19-10384 (SHL) (Bankr. S.D.N.Y. Feb. 12, 2019); In re Synergy Pharmaceuticals, Inc., No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 14, 2018); In re Sears Holdings Corp., No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018); In re Chassix Holdings, Inc., No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); In re Genco Shipping & Trading Ltd., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014).

**Motion Practice**

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

16. The Debtors will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq. and Richard Morrissey, Esq.; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Jefferies Finance, LLC, as administrative agent and collateral agent under the Existing Credit Agreement, Jones Day, 250 Vesey Street, New York, NY 10281 Attn: Brett Barragate, Esq.; (d) counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 Attn: Scott Greenberg, Esq., Matthew A. Kelsey, Esq, and Steven A. Domanowski, Esq.; (e) the United States Attorney's Office for the Southern District of New York; (f) the state attorney general's office for all states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Communications Commission; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

**No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order granting the relief requested herein and such other relief as this Court deems appropriate under the circumstances.

Dated: March 16, 2020
New York, New York

*/s/ Dennis F. Dunne*
Dennis F. Dunne
Abhilash M. Raval
Tyson Lomazow
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
araval@milbank.com
tlomazow@milbank.com

*Proposed Counsel for Debtors and Debtors in Possession*

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNAP TECHNOLOGY SOLUTIONS INC., | Case No. 20-22393 (RDD) |
| Debtor, | |
| Tax I.D. No. 84-4888343 | |
| In re: | Chapter 11 |
| INTERNAP CORPORATION, | Case No. 20-22394 (RDD) |
| Debtor, | |
| Tax I.D. No. 91-2145721 | |
| In re: | Chapter 11 |
| UBERSMITH INC., | Case No. 20-10806 (RDD) |
| Debtor, | |
| Tax I.D. No. 82-0567677 | |
| In re: | Chapter 11 |
| SINGLEHOP, LLC, | Case No. 20-22399 (RDD) |
| Debtor, | |
| Tax I.D. No. 32-0374340 | |
| In re: | Chapter 11 |
| INTERNAP CONNECTIVITY LLC, | Case No. 20-22396 (RDD) |
| Debtor, | |
| Tax I.D. No. 80-0827920 | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| HOSTING INTELLECT, LLC, | ) ) ) | Case No. 20-22398 (RDD) |
| Debtor, | ) ) |  |
| Tax I.D. No. 46-5268435 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| DATAGRAM, LLC, | ) ) ) | Case No. 20-10805 (RDD) |
| Debtor, | ) ) ) |  |
| Tax I.D. No. 47-3423170 | ) |  |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of Internap Technology Solutions Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "Debtors") in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases"), for entry of an order (the "Order"), pursuant to sections 101(2) and 342(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the joint administration of the Debtors' Chapter 11 Cases; and upon the First Day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion and the First Day Declaration and having heard

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or the First Day Declaration, as applicable.

2

statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing, and the Court having found, that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted to the extent set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 20-22393, the case number assigned to Internap Technology Solutions Inc.

3. The consolidated caption of the jointly administered cases (the "Proposed Caption") shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al.* | ) | Case No. 20-22393 (RDD) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors.[2] | ) | |
| | ) | |

---

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

3

4. An entry shall be made on the docket of each of the Debtors' cases (other than for Internap Technology Solutions Inc.) substantially as follows:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 Cases of Internap Technology Solutions Inc. (8343), Internap Corporation (5721); Ubersmith, Inc. (7677), SingleHop, LLC (4340); Internap Connectivity LLC (7920), Hosting Intellect, LLC (8435), and DataGram, LLC (3170). **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Chapter 11 Case No. 20-22393.**

5. The Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects. One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the Southern District of New York, with the assistance of the Debtors' Court-approved claims and noticing agent. Combined notices may be sent to creditors of the Debtors' estates and other parties in interest, as applicable.

6. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees,* issued by the United States Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information, *e.g.,* receipts, disbursements, profit and loss statements, balance sheets and other required information on a debtor-by-debtor basis in each monthly operating report.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

8. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4

5

        9.        The requirements set forth in Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York are satisfied.

        10.       The Court retains jurisdiction with respect to all matters arising from, or related to, the implementation and interpretation of this Order.

White Plains, New York
Date: _____, 2020

        _____
UNITED STATES BANKRUPTCY JUDGE