Dennis F. Dunne
Abhilash M. Raval
Tyson Lomazow
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
(212) 530-5000

*Proposed Counsel to Debtors and Debtors in Possession*

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al*. | Case No. 20-_____ (RDD) |
| Debtors.[1] | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF CREDITORS AND (B) FILE A
CONSOLIDATED LIST OF DEBTORS' 30 LARGEST UNSECURED
CLAIMS, (II) AUTHORIZING DEBTORS TO REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS
AND INTEREST HOLDERS, AND (III) APPROVING FORM AND MANNER
OF NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES**

Internap Technology Solutions Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "INAP" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent as follows in support of this motion (the "Motion"):

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

4836-8051-4485v10

**Relief Requested**

1. By this Motion, pursuant to sections 105(a), 342(a), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(1) and (d) and 2002(a)(1) and (f), and Rules 1007-1(a) and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Debtors seek entry of an order (a) authorizing them to (i) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix") and (ii) file a consolidated list of the Debtors' thirty (30) largest unsecured claims; (b) authorizing the Debtors to redact certain personal identification information for individual creditors and interest holders; and (c) approving the form and manner of notifying creditors of commencement of these Chapter 11 Cases.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

**Jurisdiction**

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On March 16, 2020 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

The Debtors have requested the joint administration of these Chapter 11 Cases for procedural purposes. No trustee, examiner or statutory committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. The Debtors are a global provider of premium data center infrastructure, cloud solutions, and high-performance network services across 21 major markets around the world. The Debtors' core business segments include providing "colocation" solutions (i.e., the leasing of managed data center space for use by clients within facilities that are leveraged to support multiple clients simultaneously) and providing hosting and IT infrastructure services utilizing cloud computing solutions. The Debtors and their non-Debtor affiliates own and/or operate approximately 99 data centers and other Points of Presence ("POPs"), or communications network demarcation/interface points, worldwide. The Debtors and their non-Debtor affiliates employ approximately 540 employees and have their corporate headquarters in Reston, Virginia.

7. On March 13, 2020, the Debtors executed a restructuring support agreement (the "RSA") with the Consenting Lenders. Pursuant to the RSA, the Consenting Lenders agreed to vote in favor of and support confirmation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Internap Corporation and its Affiliated Debtors and Debtors in Possession* (the "Plan").

8. Additional information in support of this Motion and regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Michael T. Sicoli in Support of Chapter 11 Petitions and*

*First Day Motions* (the "<u>First Day Declaration</u>")[2], which is being filed contemporaneously herewith and is incorporated by reference herein.

### **Basis for Relief**

**A.      Consolidated List of Creditors**

9.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the twenty (20) largest unsecured claims against the debtor.  Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the bankruptcy court) must provide the debtor, the United States Trustee, all creditors, and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

10.     There are seven entities that are Debtors in these Chapter 11 Cases.  As of the Commencement Date, the Debtors estimate that they have over $400 million in liabilities and thousands of potential creditors and parties in interest (on a consolidated basis) in these Chapter 11 Cases.  As such, requiring the Debtors to prepare individual matrices for each Debtor would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

11.     The Debtors submit that permitting them to maintain one single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor entity is warranted under the circumstances of these Chapter 11 Cases.  Specifically, maintaining a single

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Plan, as applicable.

4

consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings. Many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice. As such, the Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of Prime Clerk LLC ("Prime Clerk") as the Debtors' proposed claims and noticing agent ("Claims and Noticing Agent"), rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs, and is consistent with the applicable Local Bankruptcy Rules.

12. Concurrently with the filing of this Motion, and in accordance with Local Bankruptcy Rule 5075-1, the Debtors are seeking to retain Prime Clerk as Claims and Noticing Agent in these Chapter 11 Cases.[3] If this application is granted, Prime Clerk will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. The Debtors, working with Prime Clerk as Claims and Noticing Agent, have already prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties in interest are prejudiced, the Debtors and Prime Clerk will make the consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances of these Chapter 11 Cases.

---

[3] *See Debtors' Application for Entry of Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, filed contemporaneously herewith.

13. Courts in this jurisdiction have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. See, e.g., In re Windstream Holdings, Inc., Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) [Docket No. 90]; In re Ditech Holding Corp., Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 15, 2019) [Docket No. 71]; In re Aegean Marine Petrol. Network Inc., Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 6, 2018) [Docket No. 152]; In re Relativity Media, LLC, Case No. 18-11358 (MEW) (Bankr. S.D.N.Y. May 10, 2018) [Docket No. 39]; In re Tops Holding II Corp., Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018) [Docket No. 71]; In re Cenveo, Inc., Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) [Docket No. 47]; In re BCBG Max Azaria Glob. Holdings, LLC, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 3, 2017) [Docket No. 75].

**B.    Redaction of Certain Personal Identification Information for Individual Creditors and Interest Holders**

14. Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court, "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. See 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors and interest holders—many of whom are the Debtors' employees—because such information is sensitive and could be used to perpetrate identity theft. It is also unnecessary to disclose. The Debtors propose to provide, under seal, an un-redacted version of the creditor list to the Court, the United States Trustee, and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases, if requested.

**C.     Proposed Procedures for Service of Notice of Commencement**

15.     Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).  Bankruptcy Rule 2002(f) further provides that notice of the order for relief shall be provided to all creditors by mail.  In light of the requirement to notify creditors of the commencement of these Chapter 11 Cases and the meeting of creditors, the Debtors seek authority to have Prime Clerk undertake the mailing of the notice of commencement to creditors, substantially in the form annexed hereto as <u>Exhibit 1</u> to the Proposed Order (the "<u>Notice of Commencement</u>").

16.     In addition to mailing the Notice of Commencement to the Debtors' creditors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement (a) in two national publications and (b) on the website to be established by Prime Clerk.  Publication of the Notice of Commencement is the most practical method by which to notify those creditors and equity holders who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these Chapter 11 Cases.  Notice by publication also will ensure an efficient use of estate resources.

17.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an

7

operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. See Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.), 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

**Motion Practice**

18.  This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

19.  The Debtors will provide notice of this Motion to the following parties: (a) the Office of the United States Trustee for the Southern District of New York, Attn: Susan Arbeit, Esq. and Richard Morrissey, Esq.; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Jefferies Finance, LLC, as administrative agent and collateral agent under the Existing Credit Agreement, Jones Day, 250 Vesey Street, New York, NY 10281 Attn: Brett Barragate, Esq.; (d) counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 Attn: Scott J. Greenberg, Esq., and Matthew K. Kelsey, Esq., and Steven A. Domanowski, Esq.; (e) the United States Attorney's Office for the Southern District of New York; (f) the state attorney general's office for all states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) the Federal Communications Commission; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

## **No Previous Request**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 16, 2020
New York, New York

/s/ *Dennis F. Dunne*
Dennis F. Dunne
Abhilash M. Raval
Tyson Lomazow
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone:   (212) 530-5000
Facsimile:    (212) 530-5219
Email:         ddunne@milbank.com
                   araval@milbank.com
                   tlomazow@milbank.com

*Proposed Counsel for Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al.* | ) Case No. 20-_____ (RDD) |
| | ) |
| | ) Joint Administration Requested |
| Debtors.[1] | ) |
| | ) |

**ORDER (I) AUTHORIZING DEBTORS TO
(A) FILE A CONSOLIDATED LIST OF CREDITORS AND
(B) FILE A CONSOLIDATED LIST OF DEBTORS' 30 LARGEST
UNSECURED CLAIMS, (II) AUTHORIZING DEBTORS TO REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS
AND INTEREST HOLDERS, AND (III) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of Internal Technology Solutions Inc. certain of its affiliates and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"), pursuant to sections 105(a), 342(a), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a)(1) and (d) and 2002(a)(1) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1(a) and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") for entry of an order (the "Order") (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix") and (b) file a consolidated list of the Debtors' thirty (30)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

largest unsecured claims; (ii) authorizing the Debtors to redact certain personal identification information for individual creditors and interest holders, and (iii) approving the form and manner of notifying creditors of commencement of the Debtors' Chapter 11 Cases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. In lieu of submitting a separate mailing matrix for each Debtor, the Debtors shall make available a single, consolidated Creditor Matrix of all the Debtors' creditors in

electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

3.  The Debtors are authorized to file a consolidated list of the thirty (30) largest unsecured claims in these Chapter 11 Cases.

4.  The Debtors are authorized to redact address information of individual creditors and interest holders listed on the Creditor Matrix; *provided, however*, that the Debtors shall provide an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases, if requested.

5.  The Notice of Commencement of these Chapter 11 Cases, substantially in the form attached to this Order as <u>Exhibit 1</u>, is hereby approved, and Prime Clerk, as the Debtors' proposed Claims and Noticing Agent, shall promptly provide such notice in addition to all other mailings directed by the Court, the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

6.  The Debtors shall publish, as soon as practicable, the Notice of Commencement (a) in two national publications and (b) on the website to be established by Prime Clerk.

7.  The Debtors are authorized to take all reasonable action necessary to effectuate the relief granted in this Order.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: March [__], 2020
White Plains, New York

---

UNITED STATES BANKRUPTCY JUDGE

4