Dennis F. Dunne
Abhilash M. Raval
Tyson Lomazow
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
(212) 530-5000

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al*. | ) ) Case No. 20-22393 (RDD) ) |
|  | ) Jointly Administered |
| Debtors.[1] | ) ) |

**DEBTORS' MOTION TO SCHEDULE
AN EXPEDITED HEARING AND SHORTEN THE
NOTICE PERIOD WITH RESPECT TO DEBTORS' APPLICATION FOR ENTRY OF
ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF
THE BANK STREET GROUP LLC AS FINANCIAL ADVISOR FOR DEBTORS AND
DEBTORS IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE**

Internap Technology Solutions Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "INAP" or "Debtors"), respectfully represent as follows in support of this motion (the "Motion"):

**Background**

1. On March 16, 2020 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

1

1108 of the Bankruptcy Code. No trustee, examiner or statutory committee of unsecured creditors has been appointed in these Chapter 11 Cases.

2. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 35] entered by the Court in each of the Chapter 11 Cases.

3. The Debtors are a global provider of premium data center infrastructure, cloud solutions, and high-performance network services across 21 major markets around the world. The Debtors' core business segments include providing "colocation" solutions (i.e., the leasing of managed data center space for use by clients within facilities that are leveraged to support multiple clients simultaneously) and providing hosting and IT infrastructure services utilizing cloud computing solutions. The Debtors and their non-Debtor affiliates own and/or operate approximately 99 data centers and other Points of Presence ("POPs"), or communications network demarcation/interface points, worldwide. The Debtors and their non-Debtor affiliates employ approximately 540 employees and have their corporate headquarters in Reston, Virginia.

4. On March 13, 2020, the Debtors executed a restructuring support agreement (the "RSA") with the Consenting Lenders. Pursuant to the RSA, the Consenting Lenders agreed to vote in favor of and support confirmation of the *Joint Prepackaged Chapter 11 Plan of Internap Corporation and its Affiliated Debtors and Debtors in Possession* [Docket No. 19] (the "Plan").

5. On April 27, 2020, the Debtors filed the *Debtors' Motion For Entry Of An Order (I) Authorizing And Approving (A) Entry Into Asset Purchase Agreement And Performance Thereunder, (B) Sale Of Certain Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances, And (C) Assumption And Assignment Of Certain Executory Contracts And An Unexpired Lease, And (II) Granting Related Relief* [Docket No. 133] (the "Sale

Motion"). Pursuant to the Sale Motion, the Debtors seek to sell certain assets associated with their Houston data center facility located at 1301 Fannin Street, Houston, Texas, 3690 (the "Houston Data Center") and assume and assign a related lease and customer contracts.

6. Contemporaneously with the Sale Motion, the Debtors filed the *Debtors' Motion To Schedule An Expedited Hearing And Shorten The Notice Period With Respect To The Debtors' Motion For Entry Of An Order (I) Authorizing And Approving (A) Entry Into Asset Purchase Agreement And Performance Thereunder, (B) Sale Of Certain Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances, And (C) Assumption And Assignment Of Certain Executory Contracts And An Unexpired Lease, And (II) Granting Related Relief* [Docket No. 134] (the "First Motion to Shorten"), which seeks to schedule a hearing on the Sale Motion on May 4, 2020 at 2:00 PM (prevailing Eastern Time) – the same day scheduled for confirmation of the Plan.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Michael T. Sicoli in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 3] (the "First Day Declaration").[2]

## Jurisdiction

8. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration or in the Bank Street Application, as applicable.

3

9. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), shortening the notice period with respect to the *Debtors' Application For Entry of Order Authorizing and Approving Employment and Retention of The Bank Street Group LLC as Financial Advisor for Debtors and Debtors In Possession Nunc Pro Tunc To The Petition Date* (the "Bank Street Application") filed contemporaneously herewith. The Debtors request that the Court schedule the Bank Street Application for hearing on May 4, 2020 at 2:00 p.m., prevailing Eastern Time, and modify the deadline for the service and filing of responses or objections to the Bank Street Application to May 1, 2020 at 4:00 p.m., prevailing Eastern Time.

### Basis for Relief

10. Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure provides that "the court for cause show many in its discretion with or without motion or notice order the period [for notice] reduced." The Debtors submit that cause exists to shorten the notice period as requested herein.

11. As detailed in the First Motion to Shorten, the Debtors intend to emerge from chapter 11 shortly following the confirmation hearing on May 4, 2020, and approving the Sale Motion on the targeted timeline will allow the Debtors to divest a set of assets prior to emergence and, to the benefit of the Debtors' estates, eliminate the operating expenses associated therewith and enable the Debtors to focus on their go-forward business plan. Extensive work has been completed by the Debtors and their various professionals to date to consummate the sale following the targeted approval date of May 4, 2020 and any interruption of the sale process to the contemplated timeline could significantly delay or endanger consummation of the sale of the Houston Data Center assets, which would reduce the value of the Debtors' estates.

12. Bank Street, one such professional that provided assistance in reaching the execution of the Purchase Agreement (as defined in the Sale Motion), is party to a certain Engagement

4

Agreement that provides a fee for Bank Street's efforts with respect to a transaction to sell the Houston Data Center assets. The Purchase Agreement contemplates payment of the Transaction Fee by providing an acknowledgment that such fee will be paid in connection with the transaction.

13. In order to ensure Bank Street receives the compensation due to it under the Engagement Agreement, the Debtors filed the Bank Street Application. Moreover, the proposed order approving the Sale Motion provides for the payment of Bank Street's transaction fee. Accordingly, the Bank Street Application and Sale Motion must be heard simultaneously. Absent approval of this Motion, the Debtors risk the Sale Motion being approved without the requisite authority to pay Bank Street's Transaction Fee, which it will have rightly earned upon the sale of the Houston Data Center assets.

14. The Debtors respectfully submit that cause exists under the circumstances to: (a) allow the Bank Street Application to be heard on May 4, 2020, at 2:00 p.m., prevailing Eastern Time, and (b) set the deadline for responses or objections to the relief requested by the Bank Street Application for May 1, 2020, at 4:00 p.m., prevailing Eastern Time.

## Motion Practice

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

16. Notice of this Motion has been provided in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44], including by email to each affected counterparty. The Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of the proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 27, 2020
New York, New York

*/s/ Abhilash M. Raval*
Dennis F. Dunne, Esq.
Abhilash M. Raval, Esq.
Tyson M. Lomazow, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email:    ddunne@milbank.com
          araval@milbank.com
          tlomazow@milbank.com

*Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| INTERNAP TECHNOLOGY SOLUTIONS INC., *et al.* | ) Case No. 20-22393 (RDD) |
|  | ) (Jointly Administered) |
| Debtors.[3] |  |

**ORDER SCHEDULING AN EXPEDITED
HEARING AND SHORTENING THE NOTICE
PERIOD WITH RESPECT TO THE DEBTORS' APPLICATION FOR ENTRY OF
ORDER AUTHORIZINGAND APPROVING EMPLOYMENT AND RETENTION OF
THE BANK STREET GROUP LLC AS FINANCIAL ADVISOR FOR DEBTORS AND
DEBTORS IN POSSESSION NUNC PRO TUNC TO THE PETITION DATE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), scheduling an expedited hearing and shortening the notice period with respect to the Bank Street Application, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Internap Technology Solutions Inc. (8343); Internap Corporation (5721); Ubersmith, Inc. (7677); SingleHop, LLC (4340); Internap Connectivity LLC (7920); Hosting Intellect, LLC (8435); and DataGram, LLC (3170). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 50 Main Street, Suite 1000, White Plains, New York 10606.

requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. A hearing (the "Hearing") to consider the relief requested in the Bank Street Application will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, 300 Quarropas Street, White Plains, New York 10601 on May 4, 2020, at 2:00 p.m., prevailing Eastern Time.

3. Notice of the Hearing shall be provided by sending a copy of this Order and the Bank Street Application via personal delivery, e-mail, fax, or overnight mail within one day of entry of this Order. Service of the Bank Street Application and this Order in accordance with the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44] (the "Case Management Order") shall be deemed sufficient under the circumstances.

4. Responses or objections to the relief requested by Bank Street Application shall be in writing and shall be filed with the Court and served in accordance with the Case Management Order so as to be actually received not later May 1, 2020 at 4:00 p.m., prevailing Eastern Time.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
    White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE